SCHROEDER, Circuit Judge,
concurring:
I concur in Judge Gould’s good opinion. It reaches the right result, and reconciles ERISA’s statutory language, giving courts power to fashion “appropriate equitable relief,” ERISA § 502(a)(3), with Supreme Court discussions of the statute. The ERISA Plan document in this case provided that if the Plan paid out benefits to a beneficiary who later recovered tort damages from a third party, the Plan would have a first priority for total reimbursement from the recovery — even when, as in this case, the recovery represented a small fraction of the beneficiary’s damages and the beneficiary would be left with very little. This unfairness was magnified by a provision purporting to disclaim the equitable common fund doctrine — a provision that, if enforced, would mean the Plan would not have to contribute to the fees of the attorneys who recovered the money from which the Plan would be reimbursed.
The district court considered itself bound to apply the provisions of the Plan document. The result — leaving the beneficiary here vastly undercompensated for her actual damages, and the Plan unjustly enriched — is manifestly unfair. It is also inconsistent with Congress’s purpose in enacting ERISA: “promot[ing] the interests of employees and their beneficiaries in employee benefit plans.” Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Thus in fashioning “appropriate equitable relief’ under ERISA § 502(a)(3), the district court is not necessarily bound to the terms of the Plan document. “The power to reform contracts (as contrasted with the power to enforce contracts as written) is a traditional power of an equity court, not a court of law, and was used to prevent fraud.” CIGNA Corp. v. Amara, — U.S. -, 131 S.Ct. 1866, 1879, 179 L.Ed.2d 843 (2011). The Third Circuit recently decided a case materially identical to this one, and refused to enforce the terms of the Plan as written. It said:
“[T]he judgment requiring McCutchen to provide full reimbursement to U.S. Airways constitutes inappropriate and inequitable relief. Because the amount of the judgment exceeds the net amount of McCutchen’s third-party recovery, it leaves him with less than full payment for his emergency medical bills, thus undermining the entire purpose of the Plan. At the same time, it amounts to a windfall for U.S. Airways, which did not exercise its subrogation rights or contribute to the cost of obtaining the third-party recovery. Equity abhors a windfall.”
US Airways, Inc. v. McCutchen, 663 F.3d 671, 679 (3d Cir.2011).
We are therefore correctly vacating the district court’s judgment and remanding for the district court to fashion “appropriate equitable relief,” pursuant to § 502(a)(3). “Appropriate” relief would presumably include applying the equitable make-whole doctrine, or fashioning other *1126 fair relief by reducing the Plan’s recovery to an amount equivalent to the proportion of the beneficiary’s actual damages that she recovered. Traditional equitable remedies would also appear to support requiring the Plan to contribute to the firm’s fees under the common fund doctrine. The majority recognizes such traditional equitable principles should apply to the facts presented in this case.